| | |
|---|---|
| UNITED STATES OF AMERICA | * CASE NO. 12-2202 |
| *ex. rel.* RONALD BIAS, Relator | * |
| | * |
| VERSUS | * JUDGE ELDON E. FALLON |
| | * |
| TANGIPAHOA PARISH SCHOOL BOARD, | * |
| AND, in their official and individual capacities, | * |
| MICHAEL STANT, AND CARL J. FOSTER | * DIVISION L |

## AMENDED COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes the Relator, RONALD

BIAS, amending his Complaint against Defendants, Tangipahoa Parish School Board

and, in their official and individual capacities, Michael Stant and Carl J. Foster.

62.  Relator Bias adopts and realleges paragraphs 1-61 as if fully recited herein.

63.   Relator Bias pleads here that Defendants Foster and Stant are also sued in their

individual capacities as to their violations of Section 1983 in the violation of Bias' speech

rights under the U.S. Constitution.

**Count IV**
**U.S.C. § 1983 & the U.S. Constitution's 1st Amendment as incorporated via the 14th**
**Amendment**

64.  Relator Bias hereby adopts and realleges paragraphs 1-63 as if fully recited

herein.

65.  As described more fully above, Mr. Bias told his superiors of the false claims

that the Defendants Foster and Stant took part of and which the Defendants Foster and

Stant then took retaliation against him for so doing.

66. Relator reported to his superiors the criminal acts of the Defendants and which involved speech on issues of public concern. These were not his official duties.

67. The Defendants Stant and Foster knew or should have known that retaliating under the color of state law against a public employee for disclosing matters of public concern and to violate his constitutional right to free speech are illegal.

68. The Defendants are thus liable unto Relator under 42 U.S.C. § 1983 for which Relator sues herein. Through their actions to deprive Relator Bias of his federal constitutional rights under the 1st Amendment, said Defendants exhibited evil motive or involved reckless or callous indifference to Plaintiff's constitutionally protected rights. Thus, Defendants are liable unto Relator for punitive damages as allowed by Federal law.

69. Tangipahoa Parish School Board (School Board, hereafter), too, violated Relator's Bias speech rights under the 1st Amendment. The School Board failed to post and maintain, as required under La. R.S. 42:1169, at a convenient and conspicuous point in the buildings where Relator Bias worked and where more than ten public employees were employed a notice containing in plain language the rights of employees under the Louisiana Board of Ethics.

70. As a result of the School Board's failure to post the Ethics Boards rights of

employees and as evidenced in other similar manners, the School Board employed a custom or policy that ignored employee rights provided to them under the Louisiana Board of Ethics and which included the rights of employees against school board reprisal for the disclosure of improper acts by public employees.

71.   The Defendant School Board should have known that retaliating against a public employee such as Ronald Bias for disclosing matters of public concern as discussed above and to violate his constitutional right to free speech are illegal.  The Defendants are thus liable unto Relator under 42 U.S.C. § 1983 for which Relator sues herein.  As such, the School Board has violated the speech rights of Ronald Bias under the 1st Amendment in their failure to prevent or remedy the reprisal made against him by Defendants Stant and Foster.

**Count V**
**La. Const. Art. I, § 7 Speech Claims and Whistleblower Claim**

72.   Relator Bias hereby adopts and realleges paragraphs 1-71 as if fully recited herein.

73.   The Defendant School Board through its employees retaliated against Bias for his exercise of his rights under the Louisiana Constitution Art. I, § 7.   Louisiana Const. Art. I, § 7 prohibits state actors from "curtail[ing] or restrain[ing] freedom of speech or of the press" and states that "[e]very person may speak, write and publish his sentiments on any subject".  As discussed above in Stant and Foster's treatment of Bias

because of his disclosure of their illegal acts, the School Board, as Stant's and Foster's employer, is thus liable for their actions against relator Bias. Defendant School Board, therefore, is thus liable to Relator pursuant to La. R.S. 23:967 for which Relator sues for herein.

74. As mentioned above, Mr. Bias told his superiors of the false claims that the Defendants took part of and which the Defendants then took retaliation against him for so doing. The Defendants knew or should have known that retaliating against a public employee for disclosing matters of public concern and to violate his constitutional right to free speech are illegal. The Defendants are thus liable unto Relator under La. Const. Art. I, § 7 and La. R.S. 23:967 for which Relator sues herein.

**Count VI**
**Right of due process for employer's taking of Bias property right in his employment**

75. Relator Bias hereby adopts and realleges paragraphs 1-74 as if fully recited herein.

76. Plaintiff Ronald Bias had a property interest in his continued employment with the U.S. Marine Corps.

77. The Defendants in their retaliation of Relator Bias deprived him of that property interest by the constructive discharge of Bias.

78. The Defendants provided Relator Bias no due process of notice or hearing prior to that constructive discharge.

79.  The Defendants Stant, Foster, and the School Board knew or should have known that depriving a public employee of a property interest in continued employment without Due Process is illegal.

80.  Any public employee who shows a property interest in continued employment is constitutionally entitled under the U.S. Constitution's 14th Amendment to due process.  No notice or hearing was provided to Bias.

81.  The actions of the Defendants deprived Bias of his 14th Amendment rights to due process.  All such actions were taken under color of state law and within the meaning of 42 U.S.C. § 1983 and defendants are therefore liable to Bias under that statute.

82.  Through defendant Stant and Foster's actions to deprive Relator Bias of his federal constitutional rights under the 14th Amendment, said Defendant exhibited evil motive or involved reckless or callous indifference to Plaintiff's constitutionally protected rights.  Thus, these two Defendants are liable unto Relator for punitive damages as allowed by Federal law.

WHEREFORE, Relator Ronald Bias respectfully requests this Court to enter judgment against the defendants and that this Court award damages as prayed for in his Original Petition and such other and further relief as it deems proper.

**RESPECTFULLY SUBMITTED,**

BELL LAW FIRM, LLC

 /s/ *Paul F. Bell*
Paul F. Bell (Bar #30391)
4949 Tulane Drive
Baton Rouge, LA  70808
Telephone: 225 284 3235
Facsimile: 888-812-7933   bz9@cox.net
Counsel for Relator Ronald Bias


## SERVICE  INFORMATION

     I certify that I filed on February 15, 2013 a true copy of the above document to the CM/ECF PACER System and placed in USPS certified mail the above Amended Complaint to opposing counsel of defendants at Moody Law Firm, Christopher Moody at 1250 SW Railroad Avenue, Suite 130; Hammond, Louisiana, 70403.

          /s/ *Paul F. Bell*
          Paul F. Bell, Attorney for Relator Ronald Bias