# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel. RONALD BIAS, Relator | CIVIL ACTION |
| VERSUS | NO. 12-2202-EEF-SS |
| TANGIPAHOA PARISH SCHOOL BOARD, et al | |

## ORDER

RELATOR'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (Rec. doc. 75)

**DENIED**

The substantive and procedural background of this controversy can be found in the District Judge's orders and reasons of March 26, 2014 (Rec. doc. 62 at 1-4) and May 15, 2014 (Rec. doc. 70 at 1-5). The following summary of the background reflects those matters pertinent to the undersigned's ruling on the motion of the Relator, Ronald Bias ("Bias"), for leave to file second amended complaint.

On September 5, 2012, Bias filed the complaint. Rec doc. 1. The United States declined intervention. On January 15, 2013, Bias was ordered to serve the complaint. Rec. doc. 3. On February 15, 2013 and before an answer was filed, Bias sought leave to file an amended complaint. Rec. doc. 16. The motion was set for March 6, 2013. Prior to any action on the motion to file the amended complaint, an answer was filed. Rec. doc. 24. On March 6, 2013, Bias was granted leave to file the amended complaint and it was filed. Rec. docs. 25 and 26.

On July 3, 2013, the defendants, Carl J. Foster, Michael Stant, and Tangipahoa Parish School Board ("TPSB") filed a motion to dismiss. Rec. doc. 44. It was granted in part and denied in part. Mr. Bias' False Claims Act ("FCA") retaliation claim, § 1983 claims, state law claims against TPSB and all claims against Foster and Stant in their official capacities were

dismissed. Rec. doc. 62 at 16. Bias' motion for reconsideration was denied. Rec. doc. 70. In response to Bias' contention that there was an error in dismissing his § 1983 and state law claims, the District Judge stated:

> [T]he answer was filed and served as a responsive pleading to the *original* complaint, but not to the *amended* complaint. Because an answer was not filed after the amended complaint was filed, the motion to dismiss serves as the responsive pleading with regard to the § 1983 and state law claims. That motion properly raised the affirmative defense as to the applicable statutes of limitations. For this reason, it was appropriate—and necessary—for those claims to be dismissed.

Rec. doc. 70 at 7-8. In response to Bias' contention that there was an error in dismissing the FCA retaliation claim, the District Judge stated:

> [T]he Marine Corps had the right to control Mr. Bias, a right that it—not the Tangipahoa Parish School Board—exercised in transferring him. Mr. Bias' FCA retaliation claim is insufficient.

Rec. doc. 70 at 9-10.

On May 22, 2014, a scheduling order was issued. The deadline for amendments to pleadings was June 23, 2014. The trial is set for February 2, 2015. Rec. doc. 72. Bias took no action prior to June 23, 2014 to extend the deadline for amending the complaint.

On August 13, 2014, Bias sought leave to file a second amended complaint. Rec. doc. 75. The purpose of the amendment is to revive claims dismissed from the first amended complaint and strengthen other claims found in the original complaint. Id. at 1.

In S&W Enterprises, L.L.C. v. Southtrust Bank of Alabama, NA, 315 F.3d 533 (5th Cir. 2003), the Fifth Circuit held that Fed. R. Civ. P. 16(b) governs the amendment of pleadings after a deadline in a scheduling order has expired.

> Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.

Id. at 536. The Fifth Circuit applied a four-part test to determine whether the district court's refusal to modify its scheduling order was an abuse of discretion: (1) the explanation for the failure to move timely for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. Id. at 536.

The deadline for an amendment to the pleadings was June 23, 2014. Rec. doc. 72. Bias did not move to amend until August 13, 2014 or about seven weeks after the deadline. Bias states:

> The reason Relator did not move for leave to amend prior to the scheduled deadline of June 23, 2014 is that he was lulled into thinking that the issues with the dismissed claims could not be remedied with amended complaint. Granted, the dismissal was without prejudice but counsel had found no obvious deficiency correctable after reading the Court's orders issued in response to the motions to dismiss and alter judgment. Note, too, this is a case of first impression involving joint employers under the hybrid economic realities case that involved one employer being the military, USMC. As such, the issues are complex and a certain deliberativeness resulting in some delay in filing this pleading is not entirely unexpected.

Rec. doc. 75 at 6. This is an insufficient reason for failing to comply with the scheduling order. The District Judge denied Bias' motion to reconsider on May 15, 2014. Bias had more than five weeks to consider reasons for the dismissal of his claims. Assuming this time was insufficient to formulate a second amended complaint and motion for leave to file same, Bias should have moved to extend the June 23, 2014 deadline.

Bias argues that the amendment is important because of the discovery of evidence since the filing of the first amended complaint. Rec. doc. 75 (Memorandum at 7). The District Judge ruled on defendants' motion to dismiss. It was not treated as a motion for summary judgment. The well-pleaded facts were accepted as true and viewed in the light most favorable to Bias. Rec. doc. 62 at 5. Bias urges that if permitted to amend, he would urge that the statute of

3

limitations was tolled because of TPSB's failure to post notice of the rights of employees as required by state law. Rec. doc. 75 (Memorandum at 13). Bias made this argument in his motion to reconsider. It was noted by the District Judge in the ruling on the motion to reconsider. Rec. doc. 70 at 4.

The deadline for completion of discovery is December 16, 2014. Rec. doc. 72. TPSB contends that if the amendment is allowed, it would be required to re-urge the same arguments presented in its motion to dismiss and in response to Bias' motion for reconsideration. This would delay discovery and threaten the trial date. Although Bias contends that a continuance of the trial is available, the undersigned is without authority to continue a trial set by the District Judge. Even if such authority existed, the undersigned would not grant a continuance.

Bias has not demonstrated good cause to modify the scheduling order. The undersigned is not required to consider the motion under Rule(a).

IT IS ORDERED that Relator's motion for leave to file second amended complaint (Rec. doc. 75) is DENIED.

New Orleans, Louisiana, this 11th day of September, 2014.

_____
**SALLY SHUSHAN**
**U.S. Magistrate Judge**