UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*EX REL.* RONALD BIAS | CIVIL ACTION |
| VERSUS | NO. 12-2202 |
| TANGIPAHOA PARISH SCHOOL BOARD, ET AL. | SECTION "L" (1) |

## ORDER & REASONS

Before the Court is the Relator's Objection to the Magistrate Judge's Order Dismissing Motion for Leave of Court to File Second Amended Complaint. (Rec. Doc. 85). Having considered the applicable law and the parties' briefs, the Court now issues this order and reasons.

I.   BACKGROUND

This action arises out of an alleged misappropriation of United States Marine Corps funds and resulting retaliation. On November 1, 2006, Mr. Bias retired from the Marine Corps as a lieutenant colonel. Following his retirement, he was employed by the Tangipahoa Parish School Board ("TPSB") as a senior marine instructor for the Junior Officers' Training Corps ("JROTC") at Amite High School. On June 18, 2009, the Marine Corps contacted Mr. Bias to inform him that it had mistakenly allowed him to retire too early—he had served only 18 years, nine months, and 24 days of a required 20 years. As a result of this error, the Marine Corps had paid Mr. Bias $106,000 for which he had been ineligible. Accordingly, he was provided with the option of repaying those benefits or re-enlisting for a period of 15 months so as to become eligible for retirement. Mr. Bias chose the latter.

Ordinarily, JROTC positions are filled by retired officers who are certified by the Marine Corps but employed by the schools themselves, as Mr. Bias had been. Perhaps in recognition of the difficulty caused by its error, the Marine Corps varied from its usual policy and assigned Mr.

Bias to the JROTC at Amite High School, where he was to continue as a senior marine instructor. Unlike the usual JROTC officer, he would be employed by the Marine Corps. He received his orders on July 10, 2009, and began work shortly thereafter. According to Mr. Bias, he was informed that he would remain at the Amite High School assignment for 15 months, at which point he could either re-enlist or retire.

As the senior marine instructor, Mr. Bias supervised Mr. Foster, a marine instructor and retired master sergeant in the Marine Corps, and reported to Mr. Stant, principal of Amite High School. Both Mr. Foster and Mr. Stant were employees of the Tangipahoa Parish School Board. Soon after he was assigned to Amite High School, Mr. Bias became aware that Mr. Foster planned to request that the Marine Corps reimburse him for non-JROTC activities, including an out-of-state trip by the school's cross-country team. Mr. Bias then notified both Mr. Stant and the Marine Corps of Mr. Foster's intentions. However, with Mr. Stant's approval, Mr. Foster persisted and made the request, which was denied. As a result, Mr. Foster was decertified as a senior instructor with the JROTC. Mr. Bias alleges that, because he had reported the misconduct, Mr. Stant contacted Mr. Bias' Marine Corps supervisor and asked the supervisor to transfer Mr. Bias.

On April 12, 2010, Mr. Bias was informed that he would be transferred if he did not retire. Mr. Bias asserts that this transfer constituted retaliation. (In addition to bringing this action, Mr. Bias also reported Mr. Stant's conduct to the Inspector General of the Marine Corps on October 26, 2010, who determined that the transfer was not a reprisal because Mr. Bias had previously been informed that he would be transferred from Amite High School after the 15 months he needed to obtain retired status had elapsed.) Mr. Bias retired on October 31, 2010, and was reemployed as the senior marine instructor at Amite High School on November 3, 2010.

Mr. Bias brought his original complaint on September 5, 2012, asserting several FCA claims against the Tangipahoa Parish School Board, Mr. Stant, and Mr. Foster. (Rec. Doc. 1). On, February 15, 2013, Mr. Bias moved for leave to file an amended complaint, which was set for submission on March 6, 2013. (Rec. Doc. 16). On February 26, 2013, and before the amended complaint had been filed, the Tangipahoa Parish School Board, Mr. Stant, and Mr. Foster filed an answer.[1] (Rec. Doc. 24). On March 6, 2013, the Court granted the motion for leave to file an amended complaint (Rec. Doc. 25) and, on the same day, the amended complaint was filed into the record. (Rec. Doc. 26). On July 3, 2013, the Tangipahoa Parish School Board, Mr. Stant, and Mr. Foster, moved to dismiss. (Rec. Doc. 44). On March 26, 2014, the Court issued an order granting the motion in part and denying it in part. (Rec. Doc. 62). Specifically, it dismissed Mr. Bias' FCA retaliation claim, his § 1983 claims, and his state law claims, leaving only his FCA *qui tam* claim.

Mr. Bias moved for reconsideration of the March 26, 2014 order. (Rec. Doc. 64). Mr. Bias argued that the Court erred in dismissing the § 1983 and state law claims as prescribed because the Defendants had failed to plead an affirmative defense of prescription. Second, he argued that the Court erred in dismissing his FCA retaliation claim because the Court needed additional information to determine whether he was an employee of the Tangipahoa Parish School Board. Mr. Bias also asserted that the Court misrepresented the fact that his assignment was extended from 15 or 16 months to 24 months and notes that the Inspector General of the Marine Corps had no authority to investigate the Tangipahoa Parish School Board.

The Court denied Mr. Bias's motion for reconsideration on May 15, 2014. (Rec. Doc. 70). The Court found that the Defendants' Motion to Dismiss constituted a responsive pleading

---

[1] The answer purported to pertain to both the complaint and the proposed amended complaint, however the motion for leave to file an amended complaint had not yet been submitted or granted.

3

to Mr. Bias's amended complaint and that the Defendants had thus properly raised the affirmative defense of prescription as to Mr. Bias's § 1983 and state law claims in the Motion to Dismiss. (Rec. Doc. 70 at 7-8). The Court held that no additional information was needed to determine whether Mr. Bias was a Tangipahoa Parish School Board employee because that determination had no effect on the Court's decision to dismiss the FCA retaliation claim. (Rec. Doc. 70 at 9). Finally, the Court found that the omission of the alleged extension of Mr. Bias's assignment did not necessitate reconsideration. (Rec. Doc. 70 at 10).

Following the Court's denial of Mr. Bias's motion for reconsideration, the Court issued a scheduling order on May 22, 2014. Pursuant to this scheduling order, the deadline for amendments to pleadings was June 23, 2014. (Rec. Doc. 72 at 1-2). The trial is scheduled for February 2, 2015. (Rec. Doc. 72 at 2).

Mr. Bias took no action to amend his complaint prior to the June 23, 2014 deadline, but he sought leave to file a second amended complaint on August 13, 2014. (Rec. Doc. 75). Mr. Bias explained the reason for his untimely filing and stated:

> The reason Relator did not move for leave to amend prior to the scheduled June 23, 2014 is that he was lulled into thinking the issues with the dismissed claims could not be remedied with [an] amended complaint. Granted, the dismissal was without prejudice but counsel had found no obvious deficiency correctable after reading the Court's orders issued in response the motions to dismiss and alter judgment. Note, too, this is a case of first impression involving joint employers under the hybrid economic realities that involved one employer being the military, USMC. As such, the issues are complex and a certain deliberativeness resulting in some delay in filing is not entirely unexpected.

(Rec. Doc. 75 at 6).

Magistrate Judge Shushan denied Mr. Bias's motion to file a second amended complaint, averring that Mr. Bias's reasoning for failing to comply with the scheduling order was "insufficient" as he had more than five weeks after the Court denied his motion to reconsider to deliberate on the reasoning for the dismissal of his claims. (Rec. Doc. 82 at 3). According to

Magistrate Judge Shushan, this insufficient reasoning did not support a finding of good cause to amend the scheduling order as required by Rule 16(b) of the Federal Rules of Civil Procedure. Magistrate Judge Shushan noted that Mr. Bias should have filed a motion for an extension of time if "this time was insufficient to formulate a second amended complaint." (Rec. Doc. 82 at 3). Magistrate Judge Shushan also observed that Mr. Bias attempts to reassert the same arguments in his second amended complaint already presented to this Court and addressed by this Court in its Order & Reasons dated May 15, 2014 (Rec. Doc. 70). Finally. Magistrate Judge Shushan found that granting leave to Mr. Bias to file a second amended complaint "would delay discovery and threaten the trial date." (Rec. Doc. 82 at 3).

## II.   PRESENT MOTIONS

Mr. Bias objects to Magistrate Judge Shushan's denial of his motion to file a second amended complaint and asks this Court to reverse Magistrate Judge Shushan's ruling, or in the alternative, to dismiss his FCA retaliation claim, his § 1983 claims, and his state law claims with prejudice so Mr. Bias can appeal the Court's rulings. (Rec. Doc. 85 at 2-3). In support of his motion, Mr. Bias argues that Magistrate Judge Shushan lacked the authority to rule on his motion to file a second amended complaint. (Rec. Doc. 85-1 at 1). Mr. Bias also contends that the Defendants have not been forthcoming with discovery and withheld information that would support a finding that the Defendants "controlled the means and manner of plaintiff's work." (Rec. Doc. 85-1 at 2).

Defendants oppose the motion and argue that Mr. Bias fails to show "good cause" to amend the Court's scheduling order as required by Rule 16(b). (Rec. Doc. 87 at 4). Defendants counter Mr. Bias's contention that Magistrate Judge Shushan lacked the authority to rule on Mr. Bias's alleged dispositive motion, citing Section 636(b)(1)(A) which states "a district court judge may designate a magistrate judge to hear and determine any pretrial matter pending before the

5

court….." (Rec. Doc. 87 at 6) (quoting 28 U.S.C.A. § 636(b)(1)).  Defendants also insist that Mr. Bias's motion to file a second amended complaint signified a nondispositive motion, as "it does not adjudicate or otherwise dispose of any pending claim or defense but instead merely prevents different and/or additional claims or defenses from being asserted." (Rec. Doc. 87 at 8). Defendants deny any allegation that they withheld discovery and argue that Mr. Bias presents arguments in his objection that he did not raise to the Magistrate Judge and the Court should thus not consider these arguments.  (Rec. Doc. 87 at 8-9).  Moreover, Defendants contend that the document has no bearing on the present motion or on the merits of the case. (Rec. Doc. 87 at 10).  Defendants allege that Mr. Bias is attempting to present the same argument that he has put before this Court a number of times.  (Rec. Doc. 87 at 11).

Mr. Bias replies and "agrees with the defendant that it was within the [M]agistrate [J]udge's decisison to…decide [the motion to file a second amended complaint]…." (Rec. Doc. 92 at 1).  Mr. Bias reasserts his demand that the Court overrule the Magistrate Judge's ruling or dismiss the already dismissed claims with prejudice to allow Mr. Bias to appeal the Court's ruling.  (Rec. Doc. 92 at 1-2).  Finally, Mr. Bias argues that Defendants failed to provide the working agreement in question but should have been aware of the document's existence.  (Rec. Doc. 87 at 2).

### III. LAW & ANALYSIS

#### A. Standard

A party can appeal a magistrate's ruling on a non-dispositive motion to the district court pursuant to Rule 72(a) of the Federal Rules of Civil Procedure.  "The district court in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).   *See generally Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995) ("Section 636(b)(1)(A) specifically requires the district court to apply a

'clearly erroneous' standard when reviewing a magistrate judge's ruling on a non-dispositive, pretrial motion such as a discovery motion."). "Under this deferential standard, a magistrate judge's decision must be affirmed unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Yelton v. PHI, Inc.*, 284 F.R.D. 374, 376 (E.D. La. 2012) (*quoting United State v. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed 746 (1948)).

### B. Motion to File Second Amended Complaint

"Rule 16(b) governs amendment of pleadings after a scheduling order has expired." *S&W Enterprises*, *L.L.C v. South Trust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.* "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing an extension.'" *Id.* (quoting Charles Alan Wright, *et al.*, 6 Fed. Prac. And Proc. § 1522 (2d ed. 1990)). The Fifth Circuit has outlined four factors that are relevant to the determination of good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such a prejudice." *Id.*

Magistrate Judge Shushan applied this test and found that Mr. Bias's explanation for his delayed filing, approximately seven weeks after the deadline, was not sufficient to support a finding of good cause. (Rec. Doc. 82 at 3). Applying these four factors to Mr. Bias's objection, the Court reaches the same conclusion as Magistrate Judge Shushan. While the Court's Order & Reasons granting in part the Defendants' Motion to Dismiss may have demanded a certain amount of "deliberativeness" on the part of Plaintiff's counsel, that does not afford Mr. Bias

7

leave to disregard this Court's Scheduling Order while deliberating the appropriate next step for his case. Rather, and as Magistrate Judge Shushan pointed out, Mr. Bias should have sought an extension of time prior to the June 23, 2014 deadline to amend his complaint.

In his objection, Mr. Bias contends that Defendants have withheld discovery that established that "TPSB is the employer of the JROTC instructor." (Rec. Doc. 85-1 at 2). This Court has already entertained Mr. Bias's argument that he was a TPSB employee and ruled on this issue in its Order & Reasons for Defendants' Motion to Dismiss and in its Order & Reasons for Mr. Bias's Motion for Reconsideration. As the Court noted in its Order & Reasons for Mr. Bias's Motion for Reconsideration, "Even if Tangipahoa Parish School Board had also employed Mr. Bias under the FCA, it was not capable of the retaliatory act that forms the basis for this claim—that is, the transfer." (Rec. Doc. 70 at 9). This Court has therefore ruled that the Marine Corps was the responsible party for any transfer, and it is therefore of *no* consequence whether Mr. Bias was, in fact, a TPSB employee. Mr. Bias's delayed receipt of this alleged contract thus does not support a finding of good cause under Rule 16(b) because it has no bearing on potential, valid claims outlined in the second amended complaint.

In sum, Magistrate Judge Shushan aptly analyzed Mr. Bias's motion pursuant to Rule 16(b) and found that Mr. Bias failed to demonstrate good cause, and this Court can find no reason to suggest that this finding was clearly erroneous or contrary to the law. Moreover, Mr. Bias fails to outline any such argument in his objection to this Court. It should be noted that Mr. Bias argues that the Court should grant his motion because the Magistrate's Judge's Order was unresponsive to his request that his claims be dismissed with prejudice and unresponsive to his request for "clarification of specific deficiencies of claims dismissed by District Court." (Rec. Doc. 85-1 at 1). These assertions provide no basis for this Court to find that Magistrate Judge

Shushan's ruling that good cause did not exist to allow Mr. Bias to file a second amended complaint was contrary to the law. It should also be noted that while Mr. Bias argued that Magistrate Judge Shushan did not have the authority to rule on the motion, he conceded this argument in his reply. (Rec. Doc. 92 at 1).

## IV.  CONCLUSION

For the forgoing reasons, **IT IS ORDERED** that Plaintiff's Objection to Magistrate Judge's Order Dismissing Motion for Leave of Court to File 2nd Amended Complaint is hereby **DENIED.**

New Orleans, Louisiana this 31st day of October, 2014.

_____
UNITED STATES DISTRICT JUDGE